# ELMER G. GEBHART v. AARON A. CARLSON AND ANOTHER.[1]

## February 2, 1917.

## Nos. 20,122—(255).[2]

**New trial.**

Permitting counsel for plaintiff to call and question the attorney for defendants why defendants were not in court so that they could be called for cross-examination, does not constitute irregularity on the part of the court within the meaning of the statutes. [Reporter.]

Action in the district court for Hennepin county to recover $250 for damage to plaintiff's automobile caused by the negligent driving of a car belonging to defendant Aaron A. Carlson by his son, E. D. Carlson. The case was tried before Jelley, J., who at the close of the testimony denied motions for a directed verdict in favor of the separate defendants, and a jury which returned a verdict against both defendants for the amount demanded. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*A. B. Darelius*, for appellants.

*Edgerton & Dohs*, for respondent.

PER CURIAM.

The plaintiff had a verdict and defendants appealed from an order denying their alternative motion for judgment or a new trial. The assignments of error have been fully considered with the result that we discover no question requiring extended discussion. There was no reversible error in the instructions to the jury, and the evidence supports the verdict. The alleged misconduct on the part of plaintiff's counsel is not presented by any sufficient exception. There was an exception to one or two remarks of counsel, but such remarks were not of a character to justify us in holding that the trial court abused its discretion by denying a new trial. 2 Dunnell, Minn. Dig. § 7102. The attorney for plaintiff called the attorney for defendant as a witness, and was permitted by the court to interrogate him as to the whereabouts of defendants, and why they were not in court, so that they could be called for cross-examination. This was all objected to by defendant's counsel, but no

[1]Reported in 161 N. W. 167.

[2]October, 1916, term calendar.

exceptions were taken to the rulings of the court either at the trial or on the motion for a new trial. There is therefore nothing to review upon this feature of the case. The fact that the court permitted this to be done does not constitute irregularity on the part of the court within the meaning of the statutes on the subject of new trials.

Order affirmed.